## The People, ex rel. Raymond D. Cooley, Appellant, v. J. J. Quinn, City Comptroller, Appellee.

1. MUNICIPAL CORPORATIONS—*duty of city comptroller.* *Held,* that it was the duty of the city comptroller of the city of Bloomington to turn over moneys when collected to the lawful custodian thereof, namely, the city treasurer, but that in the performance of such duty he possessed a reasonable discretion.

2. MANDAMUS—*character of duty enforceable by.* The duty, the performance of which it is sought to coerce by *mandamus,* must be actually due and incumbent upon an officer at the time of seeking relief, and the writ will not lie to compel the doing of any act which he is not yet under obligation to perform.

Mandamus. Error to the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1907. Affirmed. Opinion filed April 21, 1908.

LOUIS FITZ HENRY, for defendant in error.

DOOLEY & DOOLEY, R. C. DE MANGE and A. E. DE MANGE, for plaintiff in error.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a petition for a writ of *mandamus* to compel the defendant, City Comptroller, to turn over to plaintiff, City Treasurer, from day to day, in the ordinary, regular course of business, the revenues and other moneys of the city, collected by him in his official capacity; and prohibiting him, the comptroller, from depositing the same to his own credit in bank or elsewhere, subject to his own check; and asking for such further order as justice, petitioner's rights and the public interests may require.

The petition alleges that the relator was elected and qualified as city treasurer by giving his bond for $125,000 which was approved by the city council, and that he entered upon the discharge of his duties and has performed the same insofar as he has been permitted to do so by the defendant. That the duties of

the comptroller, under the statute, special charter and ordinances of the city prior to March 8, 1907, and be-. fore the creation of the office of comptroller and the appointment of the defendant thereto, were performed by the city clerk; that such duties are by the statute and ordinances defined to be in part a general supervision over the receipt, collection, disbursements and return into the city treasury of the city's revenues by all officers of the city. That by an ordinance passed March 8, 1907, creating the office of comptroller, and providing for the appointment by the city council of a person to fill said office, the incumbent thereof is required to give a bond in the sum of $40,000, conditioned, among other things, for the payment of all money that may be received by him as comptroller, according to the law and ordinances of the city. That neither under the statutes or under the revised ordinances of the city of Bloomington is it a prerogative or duty of the comptroller to retain in his possession, or to keep in bank or elsewhere, any moneys of the city beyond the reasonable length of time required to pay them over from day to day, in the ordinary and regular course of business, to the city treasurer, the lawful custodian thereof. That relator, as city treasurer, gave his bond in the sum of $125,000, which was duly approved, conditioned that he would keep, account for and pay over all money which came to his hands as city treasurer, and that he would discharge all the duties of his office. That under the special charter of the city of Bloomington, still in force and effect, it is the relator's duty as treasurer to receive all moneys belonging to the city. That sections 5, 6, 7, 8, 9, 10, 11 and 12, chapter 24, article 7, Revised Statutes, make it the relator's duty as treasurer to receive all moneys belonging to the city and keep a separate account of each fund or appropriation and the debts and credits belonging thereto, and give receipts for money paid to him and file same with the city clerk or comptroller, with his monthly reports at the end of each month, and

oftener if required by the city council; said reports to be under oath, showing the state of the treasury, the money therein, the warrants redeemed and paid by him, etc. That the statute provides that no ordinance shall be passed taking the custody of the city's moneys from the treasurer and placing it elsewhere except in a bank, taking a bond from such bank, with security to be approved by the council sufficient to save the city from loss, which bond shall not be less than the estimated receipts for the current year from all sources. That the treasurer is required to keep the city moneys separate from his own and is prohibited from using the same, directly or indirectly, or permitting any other person to use the same under penalty of immediate removal from office and that he shall pay out no money except upon warrants drawn upon him, signed by the mayor and countersigned by the clerk or comptroller. That the statute and revised ordinances prohibit the city collector from keeping the city moneys in his hands or in the hands of any person or corporation beyond the time which may be required for the payment of the same to the city treasurer. That said ordinances provide that the city collector shall pay over to the treasurer each and every day all moneys collected by him from any source whatever, taking the treasurer's receipt therefor, to be filed with the comptroller. That the revised ordinances of the city, entitled the "city treasurer," require the relator to receive all moneys belonging to the city and make report under oath at the end of each month and oftener when required by the city council. That the defendant has retained and unlawfully deposited in a bank or banks, the city moneys, and retained the same subject to his own control and subject to his check, withdrawing the same at will in violation of petitioner's rights as treasurer, and has so retained the said moneys in his own hands, deposited to his own account, for periods of two weeks, until the same has reached the sum of $11,046. That

during the month of July he paid the relator the following sums specifying each payment as follows:

| | | | |
|---|---|---|---:|
| July | 6 | General fund | $ 3,000.00 |
| July | 9 | General fund | 2,500.00 |
| July | 13 | General fund | 3,000.00 |
| July | 27 | General fund | 10,000.00 |
| July | 31 | Library fund | 1,000.00 |
| July | 31 | Local Improvements No. 1 | 163.00 |
| July | 31 | Local Improvements No. 2 | 490.33 |
| July | 31 | Special Water and Light Fund | 150.00 |
| July | 31 | General Fund | 9,242.57 |

That the defendant must have had in his hands the entire total of said special funds, during the greater part of the month of July for his own advantage and personal gain, in violation of relator's rights as treasurer. That the relator was prevented from discharging his official duties and from complying with his oath of office and rendered liable upon his bond for a failure to take charge of and safely keep the city funds as they accumulate from day to day. That relator had demanded of defendant that he pay over to him all city moneys thereafter collected, and all moneys which he might thereafter collect from day to day in the due and ordinary course of the city's business. That the defendant had refused and continued to refuse to turn over to the relator the said moneys collected by him as aforesaid.

The court sustained a demurrer to the petition. The relator abided thereby and judgment was entered dismissing the petition and against relator for costs, to reverse which judgment this writ of error is prosecuted.

The only question presented for our determination is as to the legal sufficiency of the petition in question. We are of opinion that the averments of the petition were insufficient to warrant a writ of mandamus compelling defendant to turn over to the relator from day to day the moneys of the city collected by him in his official capacity, or prohibiting him from depositing

the same to his own credit in bank, or elsewhere, subject to his own check. It is clear that under the provisions of the statute and the ordinances of the city of Bloomington referred to in the petition, the defendant had no right to retain in his own possession or keep in bank or elsewhere, any moneys belonging to the city for any longer time after the receipt of same than was reasonably necessary, and that it was his duty to pay such moneys to the city treasurer, the lawful custodian thereof, in the ordinary and regular course of business. And if in wilful disregard of such duty, and without reasonable excuse, he should fail to pay over money actually in his hands in the ordinary and regular course of business, but retained the same for an unreasonable length of time, *mandamus* would undoubtedly lie. Although his duty to pay over the funds is largely ministerial in its nature, and does not call for any considerable exercise of official judgment, the officer upon whom such duty devolved, has a reasonable discretion in the performance of the same, and we are not prepared to hold that such discretion is so limited that the mere failure to pay over the money from day to day would constitute an abuse thereof. Moreover, the petition does not allege that at the time of the filing of the same, appellee had any money in his hands which he was then unlawfully or improperly withholding. The acts sought to be coerced are those to be thereafter performed. The petition in effect asks the court to anticipate that the appellee will in the future neglect or refuse to perform the duty imposed upon him by law. The duty, the performance of which it is sought to coerce by *mandamus*, must be actually due and incumbent upon an officer at the time of seeking relief, and the writ will not lie to compel the doing of an act which he is not yet under obligation to perform. In other words, the courts decline to grant the relief in anticipation of a supposed future omission or refusal of a public officer to discharge his duty, since it is to be presumed that all officers will properly discharge their official duties as

they arise, and at the time when such duties become incumbent upon them. And until the officer has actually received the money and refused to apply it as directed by law, there has been no failure in the performance of his duty, and consequently no ground for a *mandamus*. Nor will the writ be granted to compel the performance by public officers of an act or duty which they have never refused to perform, or as to which it is not shown they are delinquent. High Ext. Leg. Rem. sec. 36.

We therefore conclude that the petition does not show a clear legal right to the relief prayed.

The demurrer was properly sustained and the judgment will be affirmed.

*Affirmed.*